IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Kenneth Steven Harvley, | ) | C.A. No.  8:24-01233-HMH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION & ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| State Farm Fire and Casualty Company, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' consent motion to remand.  The Plaintiff originally filed suit in the Court of Common Pleas of Greenwood County, South Carolina.  The complaint alleges a breach of contract and bad faith claim against the Defendant and does not specify the specific amount of damages the Plaintiff is seeking.  On March 13, 2024, the Defendant removed the case to federal court on the basis of diversity jurisdiction.  See 28 U.S.C. § 1332.  In the motion to remand, the parties state that the amount in controversy in this case is less than $75,000.00.  (Consent Mot. Remand , ECF No. 9.)

Without a basis for federal subject matter jurisdiction, the court must remand the case to state court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  A post-removal event, such as amending a complaint in order to reduce the amount in controversy below the jurisdictional limit, does not deprive a federal court of diversity jurisdiction.  See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938); see also Shanaghan v. Cahill, 58 F.3d 106, 112-13 (4th Cir. 1995) (recognizing that under 28 U.S.C. § 1367, retaining state law claims in a diversity action after a post-removal event reduces the amount in controversy below

1

the jurisdictional limit is a matter within the sound discretion of the district court). However, "[i]f the original pleading failed to state an amount in controversy, or stated an amount in a confusing or ambiguous manner, the district court may" consider later events that clarify the amount in controversy. 14AA Fed. Prac. & Proc. Juris. § 3702.4 (4th ed. 2018); see also Covington v. Syngenta Corp., 225 F. Supp. 3d 384, 389 (D.S.C. 2016) ("[S]tipulation has been used in this Circuit in cases where the amount in controversy is 'indeterminate.'"); Lawson v. Tyco Elecs. Corp., 286 F. Supp. 2d 639, 642 (M.D.N.C. 2003) (considering stipulation where "the amount in controversy is indeterminate from the face of the complaint"); Gwyn v. Wal-Mart Stores, Inc., 955 F. Supp. 44, 46 (M.D.N.C. 1996) (finding that stipulation was the "first evidence of the value of the claim").

  The amount in controversy is indeterminate from the face of the complaint. Further, the parties have stipulated that the Plaintiff cannot recover a total amount of damages exceeding the sum of $75,000.00, exclusive of interest and costs. Accordingly, the court is without subject matter jurisdiction and remands the case to the state court.

It is therefore

**ORDERED** that the consent motion to remand, docket number 19, is granted. The court instructs the Clerk of Court to remand this case to the Court of Common Pleas of Greenwood County, South Carolina. Further, the parties have stipulated that the Plaintiff cannot recover a total amount of damages exceeding the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

**IT IS SO ORDERED.**

                                                s/Henry M. Herlong, Jr.
                                                Senior United States District Judge

Greenville, South Carolina
March 28, 2024